IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO DE JESUS LOPEZ BRISENO, | ) ) ) | |
| Petitioner, | ) ) ) | |
| vs. | ) ) | Case No. 25 C 12092 |
| KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, SAMUEL OLSON, Field Office Director Chicago Field Office, Immigration and Customs Enforcement, PAMELA BONDI, U.S. Attorney General, | ) ) ) ) ) ) ) ) ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Eduardo de Jesus Lopez Briseno, a noncitizen, has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement.

### Background

Lopez Briseno is a native of Mexico. He entered the United States without inspection more than thirty years ago and has resided in the country since his entry. Lopez Briseno has four children, all of whom are U.S. citizens, owns a home in Carpentersville, Illinois, and has no criminal history.

On October 2, 2025, ICE detained Lopez Briseno while he was on his way home from work. He filed this petition for writ of habeas corpus the same day. The Court

temporarily precluded the removal of Lopez Briseno from the United States and from Illinois, Indiana, or Wisconsin. Two days later, ICE initiated removal proceedings against him by issuing a Notice to Appear. Lopez Briseno has not received a bond hearing and remains in ICE custody at the Clay County Jail in Brazil, Indiana.

## Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.

Lopez Briseno filed a petition for writ of habeas corpus alleging he is being unlawfully detained because respondents will not provide him a bond hearing as required under 8 U.S.C. § 1226(a).[1] The respondents argue that the Court lacks jurisdiction and that, even if the Court's review is not barred, Lopez Briseno is not entitled to a bond hearing because he is lawfully detained without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).[2]

As discussed below, the Court concludes that it has jurisdiction over Lopez Briseno's petition and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

**A.    Jurisdiction**

The government argues that three sections of the Immigration and Nationality Act

---

[1] Lopez Briseno also notes that his arrest was unlawful under *Castañon Nava v. Department of Homeland Security*, No. 18 C 3757, 2025 WL 2842146, at *1 (N.D. Ill. Oct. 7, 2025). Because the Court concludes that Lopez Briseno is being detained in violation of his procedural due process rights, it declines to consider whether a claim for unlawful arrest under the *Castañon Nava* settlement may be brought outside of that case.

[2] The government adopts its brief from another case in this district, *Ochoa Ochoa* v. *Noem,* No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025), and asserts that those arguments also apply to Lopez Briseno.

2

strip the Court of jurisdiction over Lopez Briseno's claims: 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii).

### 1. Section 1252(g)

The government argues that § 1252(g) bars jurisdiction because Lopez Briseno's petition collaterally attacks his ongoing removal proceedings. Section 1252(g) provides that "notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). The Seventh Circuit has stated, however, that § 1252(g) "does not sweep broadly; only challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review." *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021). A detainee's claims that challenge fundamental legal errors that may violate the detainee's due process rights do not challenge the decision "to commence proceedings, adjudicate cases, or execute removal orders." *Id.* Lopez Briseno contends that he is being illegally detained in violation of his due process rights. To state the obvious, this is not a challenge to the respondents' decision to commence proceedings, adjudicate cases, or execute removal orders. The Court concludes that his claim is outside the narrow reach of § 1252(g).

### 2. Section 1252(b)(9)

Additionally, the respondents contend that Lopez Briseno's claim is precluded by § 1252(b)(9) because it requires the Court to answer legal questions that arise from the decision to remove a noncitizen. Section 1252(b)(9) provides that "no court shall have

3

jurisdiction, by habeas corpus . . . or by any other provision of law," to review any questions of law or fact "arising from any action taken or proceeding brought to remove an alien from the United States" except via judicial review of a final order of removal. 8 U.S.C. § 1252(b)(9). Again, Lopez Briseno's claim challenges his detention, not any action or decision related to his removal proceedings, and therefore this Court's review is not precluded by § 1252(b)(9).

### 3. Section 1252(a)(2)(B)(ii)

The respondents finally argue that § 1252(a)(2)(B)(ii) bars review of the "discretionary decision" to detain Lopez Briseno. Section 1252(a)(2)(B)(ii) states: "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section § 1226(a) states: "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The respondents contend that the word "may" in § 1226(a) means that Lopez Briseno's detention is a discretionary decision that is insulated from review by § 1252(a)(2)(B)(ii). But Lopez Briseno seeks review of the scope of the respondents' detention authority under the immigration detention statutes. This threshold legal question is "not a matter of discretion." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The Court concludes that it has jurisdiction over Lopez Briseno's claim.

### B. Basis for detention

Two provisions of the INA govern detention of noncitizens: § 1225 and § 1226.

4

The respondents argue that—even if the Court has jurisdiction—Lopez Briseno is not eligible for a bond hearing because he is detained under § 1225(b)(2)(A). Lopez Briseno responds that he cannot be detained under § 1225(b)(2)(A) because he is not an "arriving alien" who is "seeking admission" at the border. Instead, Lopez Briseno argues, § 1226(a) governs the detention of noncitizens who—like him—are arrested and detained after already residing in the United States.

Numerous judges in this district—including this Court—have held that § 1226(a), not § 1225(b)(2)(A), governs detention of noncitizens who are already in the country because they are no longer "seeking admission." *See, e.g., Garcia Rios v. Noem*, No. 25 C 13180, 2025 WL 3124173, \*3 (N.D. Ill. Nov. 7, 2025); *Galvis Cortes v. Olson*, No. 25 C 6293, 2025 WL 3063636, \*4 (N.D. Ill. Nov. 3, 2025) (Kennelly, J.); *D.E.C.T. v. Noem*, No. 25 C 12463, 2025 WL 3063650 (N.D. Ill. Nov. 3, 2025); *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, \*6 (N.D. Ill. Oct. 24, 2025); *Padilla v. Noem*, No. 25 C 12462, 2025 WL 2977742, \*4 (N.D. Ill. Oct. 22, 2025); *Miguel v. Noem*, No. 25 C 11137, 2025 WL 2976480, at \*7 (N.D. Ill. Oct. 21, 2025); *Ochoa Ochoa v. Noem,* No. 25 C 10865, 2025 WL 2938779, at \*7 (N.D. Ill. Oct. 16, 2025).

The respondents argue that these decisions are incorrect because any noncitizen who has not been lawfully admitted to the country is "seeking admission" and thus is subject to mandatory detention based on the plain language of § 1225(b)(2)(A). Lopez Briseno responds that these decisions correctly held that the respondents' interpretation of § 1225(b)(2)(A) disregards the plain meaning of the statute, disregards the relationship between § 1225(b) and § 1226(a), would render a recent amendment to § 1226(c) superfluous, and is inconsistent with decades of prior statutory interpretation

5

and practice. The Court agrees with Lopez Briseno.[3]

The respondents contend that Lopez Briseno must be detained under § 1225(b)(2)(A) because, as a noncitizen present in the country without a lawful status, he must be "seeking admission" to the United States. This argument is unpersuasive. Section 1225(b)(2)(A) states that, based on an immigration officer's determination, a noncitizen "applicant for admission" who is "seeking admission is not clearly and beyond a doubt entitled to be admitted" must be detained for the duration of his removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Section 1225(a)(1) defines an "applicant for admission" as any noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). But § 1225(b)(2)(A) requires the noncitizen to be both an "applicant for admission" and "seeking admission." "'[S]eeking' implies action and that those who have been present in the country for years are not actively 'seeking admission.'" *Ochoa Ochoa,* 2025 WL 2938779, at *7 (quoting *Beltran Barrera v. Tindall*, No. 25 C 541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025)). The respondent's position—that a noncitizen who has not achieved lawful status is always "seeking admission"—conflates the requirements that Lopez Briseno must be both an "applicant for admission" and "seeking admission" in order for respondents to detain him under § 1225(b)(2)(A). Lopez Briseno has resided in the country for over thirty years and has established a life here. He is not "seeking admission."

Additionally, the respondents' position ignores that § 1226(a) also governs the detention of noncitizen "applicants for admission." Section 1226(a) provides that the

---

[3] For additional analysis supporting the Court's agreement, see *Galvis Cortes*, 2025 WL 3063636, at *4.

government may arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States. 8 U.S.C. § 1226(a). The Supreme Court has expressly stated that § 1225(b) applies to noncitizens "seeking admission into the country" and that § 1226(a) applies to noncitizens "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018). Unlike § 1225(b), § 1226(a) requires a noncitizen to receive a bond hearing upon request. *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *Jennings,*, 583 U.S. at 306.

The respondents also cite *Matter of Yajure Hurtado*, a decision issued by the Board of Immigration Appeals on September 5, 2025. The BIA held that § 1225(b)(2) governs the detention of all noncitizens who are subject to removal proceedings, but not on parole, on the basis that they are "seeking admission" for purposes of the detention statutes. *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 221 (BIA 2025). Because all noncitizens subject to § 1225(b)(2)(A) must be detained and are ineligible for a bond hearing, the BIA held, "Immigration Judges lack authority to hear bond requests or to grant bond" for these individuals. *Id.* at 225. The Court has previously rejected the BIA's new interpretation of § 1225(b)(2)(A) in *Yajure Hurtado* as incorrect as a matter of law. *See Galvis Cortes*, 2025 WL 3063636, at *4. The respondents provide no compelling reason to depart from that decision.

Lopez Briseno has resided in the country for more than thirty years. He has four citizen children, strong ties to the community, and no criminal record. He is not "seeking admission into the country." *Jennings*, 583 U.S. at 289. Thus mandatory detention under § 1225(b)(2)(A) does not apply, and Lopez Briseno is instead subject to discretionary detention under § 1226(a).

7

**C.     Due process**

The Fifth Amendment's Due Process Clause provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."  *Zadvydas v. Davis*, 533 U.S. at 690.  The Supreme Court has held that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Id.* at 693.

To determine whether a violation of procedural due process has occurred, courts balance three factors:  (1) whether a private interest is implicated by the government action; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976).

The Court concludes that the respondents' detention of Lopez Briseno without a bond hearing violates his right to procedural due process.[4]  Lopez Briseno has a private interest in being released from custody.  The respondents' decision to detain him erroneously deprives him of that interest.  And the government's interest in detaining

---

[4] The respondents argue that Lopez Briseno has failed to exhaust administrative remedies.  Judicial discretion governs whether exhaustion should be required in this case.  *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).  Because the immigration court would deny any request for a bond hearing under *Yajure Hurtado*, any attempt to exhaust administrative remedies by requesting a bond hearing would be futile.

8

him without a hearing, including any fiscal and administrative burdens, is minimal at best.

Finally, the standard of proof "serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas*, 441 U.S. 418, 423 (1979). At his bond hearing, the government must prove that detention of Lopez Briseno is justified by clear and convincing evidence of his dangerousness or flight risk. *See Galvis Cortes*, 2025 WL 3063636, at *6.

## Conclusion

In conclusion, the Court grants Lopez Briseno's petition for a writ of habeas corpus [dkt. no. 1]. Respondents must, by November 14, 2025, release Lopez Briseno under reasonable conditions of supervision unless he has, by that date, been provided with a bond hearing before an immigration judge, at which the government shall bear the burden of justifying his continued detention, by clear and convincing evidence of dangerousness or flight risk. The Court directs the parties to file a status report on or before November 17, 2025 that addresses Lopez Briseno's release status, including when he received a bond hearing, the result of that bond hearing, and the findings made by the immigration judge. The stay previously entered by the Court initially on October 2, 2025 and then extended on October 8, 2025 is extended through November 26, 2025. A telephonic status hearing is set for November 24, 2025 at 8:55 AM, using call-in number 650-479-3207, access code 2305-915-8729.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 11, 2025